This suit is brought to compel defendants to convey to complainant their one-half interest in certain premises in Paterson. Complainant contends that defendants agreed to convey to her their one-half interest by reason of a constructive trust in her favor. Title to the premises in question was taken from the Home Owners Loan Corporation; one-half the premises being conveyed to the defendants and the other half to Ferdinand Spages and his wife. Some $300 was paid by complainant at the time of the delivery of the deed, and the balance of the purchase price of $2,600 was made by the execution of a bond and mortgage executed by the grantees. Subsequently, complainant paid some $200 additional to prevent a threatened foreclosure by the mortgagee. Complainant contends that she was the equitable owner of the *Page 463 
premises, and that title was taken by the defendants and the Spages only because of the fact that she was ineligible as a purchaser from the Home Owners Loan Corporation. The Spages have executed a deed to complainant of one-half of the premises. Defendants contend that the actual agreement was that complainant was to have only a one-half interest in the property, because of her advancing the initial payment, and that title to this one-half was to be taken in the name of the Spages, and that they, the defendants, are under no obligation to convey their one-half since they were to be the actual owners, and that they have carried the property, except for the payment made by complainant to prevent foreclosure, and have also expended considerable money and labor in rehabilitating the property.
In my opinion, the evidence of complainant fails to meet the requirement of clear and convincing proof in order to establish a resulting trust. There is considerable conflict of testimony, but the weight of testimony, including that of one disinterested witness, is that complainant was to ultimately have only a one-half interest in the property. The testimony further shows that defendants spent considerable sums for repairs.
Complainant does not come into court with clean hands. Neither she nor her husband were in a financial position to qualify for the purchase from the Home Owners Loan Corporation, and, according to her own version, the defendants and the Spages were to take title under the subterfuge that they were to be the real owners, so as to avoid the government requirement of financial responsibility by a purchaser.
The rule has been stated as follows in 2 Restatement of theLaw of Trusts 1360 § 444:
"If a person who is not entitled to acquire government land pays the purchase price for such land and takes title in the name of another for the purpose of defrauding the Government, he cannot enforce a resulting trust in his favor even though the Government does not take any steps to set aside the transaction for fraud."
In Geroso v. De Maio, 75 N.J. Eq. 410, the court says (atp. 414): *Page 464 
"In Den v. Shotwell, 23 N.J. Law (3 Zab.) 474, Chief-Justice Green says: `In dealing with illegal contracts, courts do not and cannot look to the interests of those who are parties to the illegal transaction. The law regards the welfare of society as paramount, and in enforcing the law, courts cannot impair its efficiency or cripple its operation by considerations affecting the interests of those who are particeps criminis.Salus populi supreme lex.' In the same case in this court (Den
v. Shotwell, 24 N.J. Law (4 Zab.) 791), Mr. Justice Ogden, in delivering the opinion of the court, says: `Courts will not aid a person, whose cause of action, either upon his own showing, or otherwise, appears to arise ex turpi causa, or from the transgression of positive law. We do not adopt this policy for the purpose of protecting a defendant, but from the determination not to assist such a plaintiff."
In any event, it would seem clear that any resulting or constructive trust because of complainant's paying the purchase price of the property would only extend to the amount of the sums advanced by her. Actually, this sum amounts to only a small part of the total value of the property, for which the defendants gave a bond on which they are still liable, whereas complainant assumed no such obligation, and, in addition, defendants have themselves expended considerable money for repairs. The one-half interest in the premises now owned by complainant would seem to compensate her for any advances she made.
A decree will be advised dismissing the bill. *Page 465